UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HARIS MUJEZINOVIC individually and on behalf of all others similarly situated, CHARLIE MILLER individually and on behalf of all others similarly situated,<br><br>　　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>TRUSTEES OF INDIANA UNIVERSITY,<br><br>　　　　　　　　Defendant.<br>─────────────────────────<br>JOSEPH T. BOMBA,<br><br>　　　　　　　　Interested Party. | No. 1:24-cv-01827-RLY-MG |

## ORDER

Pending before the Court is Non-Party Joseph Bomba's Motion to Quash Subpoena and for Protective Order. [Filing No. 24.] For the following reasons, the Court **DENIES** the non-party's motion.

### I.
#### BACKGROUND

Plaintiffs have brought this Title IX action against IU, alleging deliberate indifference to the alleged actions of Dr. Bomba, Sr. ("Dr. Bomba") during his time as team doctor for the IU Men's Basketball team. [Filing No. 1.] Plaintiffs filed a motion for expedited discovery, based on Dr. Bomba's quickly declining health. [Filing No. 5.] In that motion, Plaintiffs indicated their intention to serve a subpoena on Dr. Bomba. Defendant did not oppose the motion, [Filing No. 16], and the Court granted the motion, [Filing No. 21]. A few weeks later, Non-Party Mr. Bomba, Dr. Bomba's guardian, filed the pending motion to quash. [Filing No. 24.] Dr. Bomba's counsel

indicates that at the time that Plaintiffs issued notice, they advised Plaintiffs that they were in the process of having Dr. Bomba's mental health and competence to testify evaluated. If it was not a concern, the counsel would allow the scheduled deposition to proceed. Counsel reserved the right to seek relief from the Court if he was not found to be competent to testify. Since that time, Dr. Bomba has been found incompetent and appointed a guardian.

The Court held a hearing on the motion to quash to evaluate the concerns provided in Dr. Bomba's motion on December 3, 2024.

## II.
### DISCUSSION

Dr. Bomba argues that he is incompetent to testify at a deposition because: (1) his capacity to recall is severely impaired; (2) he is unable to distinguish between truth and fiction; and (3) he is incapable of asserting his Fifth Amendment right. [Filing No. 24.] Plaintiffs argue, in response: (1) Dr. Bomba's competency is irrelevant to their request; (2) Dr. Bomba fails to show good reason for a protective order; and (3) the subpoena is reasonable and causes Dr. Bomba no prejudice. [Filing No. 33.] Dr. Bomba, in reply, reiterates: (1) Dr. Bomba is unable to distinguish between truth and lie; (2) Dr. Bomba is unable to make an informed decision as to whether to assert his Fifth Amendment right. [Filing No. 39.]

The Federal Rules of Civil Procedure allow a party, by oral questions, to "depose any person, including a party, without leave of court [.]" Fed. R. Civ. P. 30(a)(1). However, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." Fed. R. Civ. P. 26(c)(1)(A). In reviewing a discovery dispute, the court has broad discretion to "fashion appropriate limitations." *Arassi v. Weber-Stephen Products, LLC.*, 2014 WL 1385336 (E.D. Wisc. April 9, 2014). Furthermore, "it is very unusual for a court to prohibit the taking of a deposition altogether absent extraordinary

circumstances." *CSX Transp., Inc. v. Zayo Grp., LLC*, 2023 WL 5487090, at *1 (S.D. Ind. Aug. 24, 2023).

The circumstances of this discovery request are, in fact, unusual. However, the Court must weigh whether there is good cause to preclude Dr. Bomba's deposition with the parameters of admissible discovery. Accordingly, the Court must weigh the burden that the proposed deposition may impose on Dr. Bomba, and that which may be imposed on Plaintiffs without his testimony. Based on the allegations, Dr. Bomba's testimony, whatever it may be, would be important to both the plaintiff and defense. In making this determination, the Court considers Dr. Bomba's recollection of his education and understanding of basic concepts, his comfort and confidence during the hearing, noting that he did not exhibit any anxiety or distress. Dr. Bomba also was able to accurately identify the difference between the truth and a lie. The Court also considers Dr. Bomba's awareness of the general nature of the proceedings and the identification and role of his attorneys in these proceedings and that he would follow their advice[1]. Having considered these various factors, the Court finds that, in this instance, the risk of precluding Dr. Bomba's deposition seems to outweigh the risk of the deposition, though not by a significant margin. Therefore, the Court will allow the deposition to take place.

However, the Court does take care to impose several directives to ensure a deponent of Dr. Bomba's age and condition receives appropriate accommodation. The Parties are directed to adhere to the following limitations:

- The deposition shall focus on questions relevant to the allegations in this case alone.
- The deposition shall take place at a reasonable location of Dr. Bomba, Sr.'s, choosing (including his home, and/or via remote means).

---

[1] Dr. Bomba noted that he would take his attorneys' advice into consideration and likely listen, if advised for example to assert his Fifth Amendment right or not answer a question.

- The deposition shall be limited to five hours, including breaks as needed by Dr. Bomba, Sr.

- Should any additional issues arise during the deposition, the parties may promptly contact the Court for additional guidance.

- The Court also expects the parties to act with flexibility and work to ensure that Dr. Bomba, Sr. receives any additional accommodations that may be necessary during the deposition to allow for it to be completed.

Ultimately, with these limitations, the Court **DENIES** Non-Party's Motion to Quash the Subpoena [24].

Date: 12/3/2024

Mario Garcia
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF to all Counsel of Record.**