IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HARIS MUJEZINOVIC, CHARLIE MILLER, and JOHN FLOWERS, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> THE TRUSTEES OF INDIANA UNIVERSITY, and TIM GARL, in his individual capacity, <br><br> Defendants. | ) ) ) ) ) ) Cause No. 1:24-cv-01827-RLY-MG ) ) ) ) ) ) ) ) ) |

## CASE MANAGEMENT PLAN

**I.** **Parties and Representatives**

    A.    Plaintiffs:    Haris Mujezinovic, Charlie Miller, and John Flowers, individually and on behalf of all others similarly situated.

            Defendants:    The Trustees of Indiana University, and, in his individual capacity, Tim Garl

    B    Plaintiffs' Counsel
         Kathleen A. DeLaney
         Matthew R. Gutwein
         Alexander J. Pantos
         DELANEY & DELANEY LLC
         3646 N. Washington Blvd.
         Indianapolis, IN 46205
         Tel. 317.920.0400
         Fax 317.920.0404
         kathleen@delaneylaw.net
         mgutwein@delaneylaw.net
         apantos@delaneylaw.net

         Counsel for The Trustees of Indiana University
         John Maley
         Amanda Gallagher
         Dylan Pittman

    Charity Seaborn
    Barnes & Thornburg LLP
    11 South Meridian Street
    Indianapolis, IN 46204
    Tel. 317.231.7464
    Fax 317.231.7433
    john.maley@btlaw.com
    amanda.gallagher@btlaw.com
    dylan.pittman@btlaw.com
    charity.seaborn@btlaw.com

    <u>Counsel for Tim Garl</u>
    Christopher D. Lee
    Daniel R. Kelley
    Andrew D. Dettmer
    Courtney N. Strickland
    DINSMORE & SHOHL LLP
    211 N. Pennsylvania, Suite 1800
    Indianapolis, IN 46204
    Tel. 317.639.6161
    Fax 317.639.6444
    Christopher.Lee@Dinsmore.com
    Daniel.Kelley@Dinsmore.com
    Andrew.Dettmer@Dinsmore.com
    Courtney.Strickland@Dinsmore.com

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

**II.**     **<u>Jurisdiction and Statement of Claims</u>**

    A.    The parties agree that this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

    B.    Plaintiffs are former students of Indiana University, Bloomington ("IU") and former members of the IU Men's basketball team ("Hoosiers"). As a condition of their participation in the basketball program, IU required Plaintiffs to submit to annual physical examinations by physicians employed by IU, including Dr. Bradford Bomba, Sr., who was employed or contracted by IU as a basketball team physician from approximately 1979 through 2000. Mr. Mujezinovic, Mr. Miller, and Mr. Flowers were each examined by Dr. Bomba, Sr. at least once during the years they played basketball for the Hoosiers. During those physical examinations, Dr. Bomba, Sr. routinely and repeatedly subjected Plaintiffs to medically unnecessary, invasive and sexually abusive digital rectal exams. Dr. Bomba, Sr. routinely subjected Plaintiffs' teammates and other Hoosier men's basketball players to the same abusive digital rectal exams.

    Plaintiffs allege that, despite actual knowledge of these routine sexual assaults, IU systematically mishandled and turned a blind eye to Hoosier men's basketball players' complaints of Dr. Bomba, Sr.'s sexual misconduct, and failed to take effective preventative measures to protect Plaintiffs and putative Class Members from Dr. Bomba, Sr.'s wrongful actions. IU was deliberately indifferent to and tacitly accepted Dr. Bomba Sr.'s sexual misconduct. Plaintiffs allege further that Tim Garl, IU employee and Dr. Bomba, Sr.'s supervisor, had actual knowledge of and participated in Dr. Bomba, Sr.'s violations of Plaintiffs' and putative Class Members' constitutional rights by continuing to assign IU's student athletes to Dr. Bomba, Sr. for physical examinations with knowledge that, when he did so, Dr. Bomba, Sr. would sexually assault those students. Plaintiffs have brought this case in their individual capacities and as a putative class action on behalf of all similarly situated individuals.

    As a direct result of IU's policy of deliberate indifference, Plaintiffs and putative Class Members suffered sexual assault, sex-based harassment, and discrimination on the basis of gender that was so severe, pervasive, and objectively offensive that it can be said to have deprived Plaintiffs and Class Members of access to IU's educational opportunities or benefits afforded to them under Title IX, 20 U.S.C. § 1681. Tim Garl violated 42 U.S.C. § 1983 when he facilitated, encouraged, condoned and accepted Dr. Bomba, Sr.'s routine constitutional deprivations by knowingly and repeatedly subjecting Plaintiffs and putative Class Members to Dr. Bomba, Sr.'s routine discriminatory sexual assaults and ridiculing Plaintiffs for having endured them.

C. <u>Statement of Defendant Trustees of Indiana University</u>: Defendant Trustees of Indiana University (IU) denies that the complaint sets forth valid claims. As the lawsuit seeks damages based on allegations of conduct from no later than the 1980s and 1990s, Defendant IU has moved to dismiss the claims against it for being time-barred under the applicable two-year statute of limitations, and alternatively to the extent the claims allege damages, such as "emotional distress damages" [ECF69, p.26], that are not recoverable under Title IX as a matter of law [ECF94]. IU so asserted in its Rule 12(b)(6) Motion to Dismiss [ECF57] the claims from the original Complaint [ECF1]. And, after Plaintiffs filed a January 14, 2025 Amended Complaint [ECF69] in lieu of opposing the Motion, Defendant IU again asserted those dispositive grounds *via* its currently pending Rule 12(b)(6) Motion to Dismiss [ECF94]. Defendant Tim Garl has likewise filed a Motion to Dismiss [ECF92] raising time-bar and other grounds.

    Beyond denying liability, Defendant IU denies that this matter is suitable for a class action, and IU intends to challenge the class action. Further, Defendant IU respectfully asserts that case-management-plan implementation, or at least further discovery (relating to named Plaintiffs, the putative class, or otherwise), should be deferred pending ruling on the Motions to Dismiss filed by IU [ECF94] and Mr. Garl [ECF92], respectively. Indiana University has prepared its motion and brief to stay further discovery pending disposition of the dismissal motions, and has contacted the Magistrate Judge's chambers prior to filing pursuant to Local Rule 37-1. Court staff has indicated that the Magistrate Judge will discuss this issue at the March 3rd initial case management conference.

D. <u>Statement of Defendant Tim Garl</u>: Defendant Tim Garl, the head athletic trainer for the IU men's basketball team, is the longest serving staff member of that team. As relevant here, he assisted with scheduling the required annual physical examinations for all IU men's basketball team members, including Plaintiffs. Plaintiffs allege that these examinations included "routine digital rectal exams" performed by Dr. Bradford Bomba, Sr., which were medically unnecessary (and presumably, were widely known even by non-physicians to be so in "the late 1990s" when they were performed). The central premise of Plaintiffs' case is fatally flawed – the evidence will show that the prevailing standard of care at the relevant time included digital rectal examinations as part of a complete physical examination of college-aged males. In fact, failing to perform them would have fallen below the standard of care. But even assuming, *arguendo*, that rectal examinations were not *required* by the applicable standard of care, they were not *inappropriate*.

Plaintiffs' lone claim against Mr. Garl—a § 1983 claim alleging that Mr. Garl has supervisory liability in connection with Dr. Bomba's alleged sex discrimination—fails for several independent reasons, any one of which is sufficient to warrant dismissal with prejudice. *First*, Plaintiffs do not (and cannot) allege that they were the victims of sex discrimination. That is, there are, and can be, no allegations of differential treatment based upon sex, or of any discriminatory intent on the part of Dr. Bomba or Mr. Garl. *Second*, Plaintiffs do not and cannot plausibly allege that Mr. Garl supervised Dr. Bomba in any relevant respect, because the digital rectal examinations were performed in Dr. Bomba's sole discretion as part of his medical treatment, and as a matter of law, non-physicians cannot supervise physicians' medical discretion. *Third*, Mr. Garl has qualified immunity, because Plaintiffs do not plausibly allege the violation of any constitutional right, and because the facts alleged do not constitute the violation of any clearly established constitutional right. *Finally*, even if Plaintiffs had plausibly alleged a constitutional claim against which there is no qualified immunity, their claim is untimely by several decades because they allege that they knew all material facts by "the late 1990s," and no equitable exception to the statute of limitations applies.

III. **Pretrial Pleadings and Disclosures**

A. The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **April 18, 2025**.

B. Plaintiff(s) shall file preliminary witness and exhibit lists on or before **April 25, 2025**.

C. Defendant(s) shall file preliminary witness and exhibit lists on or **May 2, 2025**.

D. All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **May 2, 2025.**

E. Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before **April 28, 2025.**

F. Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto within 30 days after receipt of the proposal.

G. Except where governed by paragraph (H) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **December 15, 2025**.

Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **45** days after Plaintiffs serves their expert witness disclosure; or if Plaintiffs have disclosed no experts, each Defendant shall make its expert disclosure on or before **January 29, 2026**.

H. Notwithstanding the provisions of paragraph (G), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline. If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

I. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before 120 days prior to the proposed trial month of **September 2026**.

Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

J. **Thirty (30) days prior to the close of discovery**, the Court shall set a deadline for all parties to file and serve their final witness and exhibit lists. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

K. Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

5

      Defendant IU asserts that, if the matter survives the dismissal motions, bifurcation of Plaintiffs' claims is warranted given the unique, individualized nature of each Plaintiff's allegations, history, and circumstances.

L.    <u>Discovery of electronically stored information ("ESI Discovery of electronically stored information ("ESI")</u>.  At this time, the parties do not believe a substantial volume of ESI will be produced in this case.  If, as the case progresses, the parties do believe a substantial volume of ESI is likely to be produced the parties agree to confer and either enter into a written agreement concerning the production of ESI or move to amend this Case Management Plan as necessary.

    1.    <u>Nature of Production of ESI</u>.  Absent any objection, electronic discovery shall be produced to the requesting party in a commercially reasonable manner.  If a party requests documents that are stored in an electronic format, the disclosing party may provide the requesting party printed copies of the documents or may provide the requesting party electronic copies of the documents on CD or DVD, by e-mail, through document share, or by other electronic means. If the receiving party determines in good faith a disclosure of a document in a printed format does not adequately allow the party to review the document, the receiving party may request a native format electronic copy, including any associated metadata and embedded data, be provided to it. If a requesting party requests the examination of any hard drives, servers, computers, voice mail systems, or other electronic devices or components, such disclosure, if appropriate, shall be made in a commercially reasonable manner, absent any objection from the producing party.  The parties further agree to cooperate in good faith concerning the form in which ESI is to be produced when requested in a different format before bringing a motion to compel. The parties reserve the right to withhold any discovery documents/data based on a known privilege or objection.

    2.    <u>Cost and Burden of Producing Electronic Discovery.</u>  Unless the party with the burden of bearing the costs as specified below demonstrates to the Court that the cost is overly burdensome, the following assumptions apply: (1) To the extent that the parties request files or copies of documents, the parties agree that such documents shall be provided to the other party in the normal and traditional course of discovery, with the producing party bearing the costs of assembling the responses to the requests; (2) Any extraordinary costs for duplication shall be allocated to the requesting party; and (3) To the extent that a party requests to examine a hard drive, server, computer, voice mail system, or other electronic device or component, the party making the request shall bear the cost of the examination and may examine the device or component at a mutually agreeable time and in a commercially reasonable manner, absent any privileges or objections that would preclude or protect such data from being disclosed.

6

    3.    <u>Unintentional Disclosure of Privileged Documents</u>.  In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned.  In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document.  The producing party shall promptly identify the returned document on a privilege log.  The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

    4.    <u>Preservation of Data</u>.  Throughout the course of this matter, the parties will make every effort to preserve all electronic data relevant to either party's claims or defenses to the extent reasonably possible.

    5.    <u>Additional Issues</u>.  At this time, the parties do not know of any additional electronic discovery issues that may arise in this matter.  If additional issues arise not governed by this Plan, the parties agree to work in good faith to resolve the matter before bringing the issue to the Court's attention.

## IV.    <u>Discovery[1] and Dispositive Motions</u>

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (specifically including motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue.  To this end, counsel must select the track set forth below that they believe best suits this case.  If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate.  If the parties are unable to agree on a track, the Court will pick the

---

[1] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline.  Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same.  In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

A. Does any party believe that this case may be appropriate for summary judgment or other dispositive motion? If yes, the party(ies) that expect to file such a motion must provide a brief statement of the factual and/or legal basis for such a motion. [Note: A statement such as, "Defendant will seek summary judgment because no material facts are in dispute," is insufficient. Such a statement does not indicate to the Court that the parties used the CMP as an opportunity to seriously explore whether this case is appropriate for summary judgment or other dispositive motion. However, the failure to set forth a basis for a dispositive motion in the CMP will not bar a party from raising this argument at the motions stage.]

<u>Defendant IU's statement</u>: IU has moved to dismiss [ECF94]. If any claim survives dismissal, IU anticipates that summary judgment motions would later be filed. The basis of such motions would depend on the portion(s) of the lawsuit surviving dismissal, and could include untimeliness, damages restrictions or failure to seek lawful redress, or failure to satisfy one or more elements of the surviving claim(s).

B. On or before **60 days prior to the close of discovery**, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

C. Select the track that best suits this case:

_____ Track 1: No dispositive motions are anticipated. All discovery shall be completed by _____ [no later than 16 months from Anchor Date]. [Note: Given that no dispositive motions are anticipated, the parties should consider accelerating discovery and other pretrial deadlines to the extent practicable and suggest a substantially earlier trial date (Section VI). The Court encourages a track faster than the standard track in all cases in which dispositive motions are not anticipated].

\_\_x\_\_ Track 2: Dispositive motions are expected and shall be filed by **January 15, 2026**; non-expert witness discovery and discovery relating to liability issues shall be completed by **November 15, 2025**; expert witness discovery and discovery relating to damages shall be completed by **March 17, 2026.** All remaining discovery shall be completed by no later than **April 27, 2026**. [Note: The Court expects this will be the typical track when dispositive motions are anticipated.]

_____ Track 3: Dispositive motions shall be filed by _____ [not later than 13 months from the Anchor Date]; non-expert discovery shall be completed by _____; expert witness discovery shall be completed by _____. [Note:

8

The Court provides Track 3 as an open option because it recognizes that there may be unusual cases for which special circumstances necessitate additional flexibility. However, the Court has found that Tracks 1 and 2 are appropriate in the large majority of cases, and therefore the parties must briefly state below the special circumstances justifying a departure from Tracks 1 and 2.]

Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.

V. **Pre-Trial/Settlement Conferences**

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery. **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement. The parties recommend a settlement conference in October 2025.**

VI. **Trial Date**

The parties request a trial date by **jury** in **September 2026**. The anticipated number of trial days is five, but the time frame is dependent upon the number of plaintiffs and the composition of the putative class. The parties suggest that this topic be discussed at the initial pretrial conference or in a future status conference.

VII. **Referral to Magistrate Judge**

A. **Case**. At this time, all parties **do not** consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial. [This section should be marked in the affirmative only if all parties consent. Do not indicate if some parties consent and some do not. Indicating the parties' consent in this paragraph may result in this matter being referred to the currently assigned Magistrate Judge for all further proceedings, including trial. It is not necessary to file a separate consent. Should this case be reassigned to another Magistrate Judge, any attorney or party of record may object within 30 days of such reassignment. If no objection is filed, the consent will remain in effect.]

B. **Motions**. The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

9

**VIII.** **Required Pre-Trial Preparation**

    A. **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

        1. File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

        2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

        3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

        4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

            a. brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

            b. if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

        5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

        6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX. Other Matters

A. The parties agree to accept service of discovery and correspondence in this case through email.

B. **Class Certification**
Plaintiffs expect to file a motion seeking class certification under F.R.C.P. 23 and will seek to appoint DeLaney & DeLaney as counsel for the class. The class is defined as:

> All former Indiana University men's basketball players who were sexually assaulted by Dr. Bradford Bomba, Sr., in the course of their participation in Indiana University's programs.

Accordingly, class certification motions should be filed by **no later than 14 days after Plaintiffs' expert disclosure deadline**; a response brief shall be filed within **28 days;** and a reply brief shall be filed within **14 days** after the response(s) has been filed.

11

Respectfully submitted,

/s/ Kathleen A. DeLaney
Kathleen A. DeLaney
Matthew R. Gutwein
Alexander J. Pantos
DELANEY & DELANEY LLC
3646 N. Washington Blvd.
Indianapolis, IN 46205
Tel. 317.920.0400
kathleen@delaneylaw.net
mgutwein@delaneylaw.net
apantos@delaneylaw.net

*Attorneys for Plaintiffs and Putative Class*

/s/ Dylan Pittman (with permission)
John Maley
Amanda Gallagher
Dylan Pittman
Charity Seaborn
Barnes & Thornburg LLP
11 South Meridian Street
Indianapolis, IN 46204
Tel. 317.231.7464
john.maley@btlaw.com
amanda.gallagher@btlaw.com
dylan.pittman@btlaw.com
charity.seaborn@btlaw.com

*Attorneys for Defendant The Trustees of Indiana University*

/s/ Christopher Lee (w/permission)
Christopher D. Lee
Daniel R. Kelley
Andrew D. Dettmer
Courtney N. Strickland
DINSMORE & SHOHL LLP
211 N. Pennsylvania, Suite 1800
Indianapolis, IN 46204
Tel. 317.639.6161
Fax 317.639.6444
Christopher.Lee@Dinsmore.com
Daniel.Kelley@Dinsmore.com
Andrew.Dettmer@Dinsmore.com
Courtney.Strickland@Dinsmore.com

*Attorneys for Defendant Tim Garl*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|   |   |
|---|---|
|   | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
|   | APPROVED AS SUBMITTED. |
|   | APPROVED AS AMENDED. |
|   | APPROVED AS AMENDED PER SEPARATE ORDER. |
|   | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|   | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|   | THIS MATTER IS SET FOR TRIAL BY _____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT .M., ROOM _____. |
|   | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____.M. COUNSEL SHALL APPEAR: <br><br> _____ IN PERSON IN ROOM _____; OR <br><br> _____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (____) _____; OR <br><br> _____ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (____) _____; |
|   | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN _____ |

13

Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED.**