UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HARIS MUJEZINOVIC individually and on behalf of all others similarly situated, CHARLIE MILLER individually and on behalf of all others similarly situated, JOHN FLOWERS, <br><br> Plaintiffs, <br><br> v. <br><br> TRUSTEES OF INDIANA UNIVERSITY, TIM GARL, <br><br> Defendants. <br><br> JOSEPH T. BOMBA, <br><br> Interested Party. | No. 1:24-cv-01827-RLY-MG |

**ORDER GRANTING PLAINTIFFS' MOTION TO STAY AND DENYING DEFENDANT'S MOTION FOR EXPEDITED RULING**

Pending before the Court are Plaintiffs' Motion to Stay Briefing on Motions to Dismiss, [Filing No. 100], and Defendant Tim Garl's Motion for Expedited Ruling on his Motion to Dismiss, [Filing No. 105].

Along with these motions, Plaintiffs' disputed Motion for Leave to Amend, [Filing No. 106], is now on file and Defendant Trustees of Indiana University's disputed motion to stay discovery is anticipated. This case hovers at a logistical boiling point. This Order cannot resolve all disputes and march the case forward in one fell swoop. Instead, it clarifies the order and speed in which the Court will take up pending briefing.

**1. Motion to Stay Briefing on Motions to Dismiss**

Plaintiffs' Motion to Stay, [Filing No. 100], is **GRANTED**. The Court finds a stay of Plaintiffs' response deadlines to the motions to dismiss is warranted. Plaintiffs' response deadlines—March 14 and March 18, respectively—are **VACATED**.[1]

**2. Motion for Expedited Ruling**

Mr. Garl asks the Court to rule on his Motion to Dismiss before considering Plaintiffs' Leave to Amend. [Filing No. 105.] Mr. Garl argues (and he does so respectfully) that he faces extreme, life-altering prejudice if the Court does not resolve his Motion to Dismiss before the close of the 2025 college basketball season in early April. Mr. Garl requests Plaintiffs file their response by March 14 and his own reply be due by March 24. [Filing No. 105-3.][2] Within his motion, Mr. Garl further requests the Court rule on his Motion to Dismiss on or before April 7, 2025. [Filing No. 105 at 6.] Mr. Garl inexplicably waited until a month after he first filed his Motion to Dismiss before seeking an expedited briefing schedule.

First, the Court has stayed briefing on both motions to dismiss. Mr. Garl's proposed schedule is denied.

As for Mr. Garl's request for expedited ruling, the Court cannot realistically resolve his motion to dismiss in the timeline he seeks. As of the date of this Order, Plaintiffs' response to the motion has not been filed. Even if the Court imposed Mr. Garl's proposed schedule (which it does

---

[1] This Order vacates the deadlines only and does not automatically adopt Plaintiffs' statements in ¶ 11 (stating a grant would necessarily moot out **both** motions to dismiss) or ¶ 12 (requesting a 14-day response schedule if the Court denies the motion to amend). These subjects are reserved for the Court's ruling on the motion to amend.

[2] Local Rule 7-1(c)(2) provides that "any reply is due within 7 days after service of the response." Mr. Garl's Motion seemingly requests a 10 day reply period while simultaneously asking for an expedited ruling. The Court does not read any ill will into this request and categorizes it as a scrivener's error, typing "March 24" rather than "March 21."

not)—Mr. Garl requests the Court resolve his motion to dismiss by April 7, 2025, which is only two weeks after his requested reply deadline. This district is one of the busiest in the Country, and although Mr. Garl notes only "a single claim has been brought against [him]," [Filing No. 105 at 6], Mr. Garl elsewhere states this claim involves "complex issues of constitutional law" and "complex facts and legal issues." [Filing No. 89 (seeking leave for additional pages).]

Irrespective of the April 7 resolution request, Mr. Garl asks the Court rule on his Motion to Dismiss before considering Plaintiffs' Motion for Leave to Amend. The Court will not stay the motion to amend briefing, which it has expedited and intends to resolve as swiftly as possible.

Therefore, the Court **DENIES** Mr. Garl's Motion for Expedited Ruling, [Filing No. 105]. However, the Court is sympathetic to Mr. Garl's situation and will endeavor to resolve his Motion to Dismiss as soon as practicable.

Date: 3/12/2025

Mario Garcia
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF to all counsel of record.**