UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HARIS MUJEZINOVIC and CHARLIE MILLER, individually and on behalf of all others similarly situated, ) ) ) ) Plaintiffs, ) ) v. ) ) THE TRUSTEES OF INDIANA ) UNIVERSITY, ) ) Defendant. ) | Case No.: 1:24-cv-01827-RLY-MG |

**PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF
DOCUMENTS TO DEFENDANT THE TRUSTEES OF INDIANA UNIVERSITY**

Plaintiffs Haris Mujezinovic and Charlie Miller, individually and on behalf of all others similarly situated ("Plaintiffs"), by counsel and pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby requests that Defendant The Trustees of Indiana University ("Defendant" or "IU") produce and permit Plaintiffs' attorney to inspect and copy the following documents which are in Defendant's possession, custody, and control. Production is requested at the office of DeLaney & DeLaney LLC, 3646 N. Washington Blvd., Indianapolis, IN 46205 within thirty (30) days from the date of these requests. It is further requested that Defendant respond in writing. Plaintiffs further requests that Defendant supplement the responses to these requests pursuant to FRCP 26(e).

**INSTRUCTIONS**

1. You are required, in responding to this request to obtain and furnish, in writing and under oath, all information available to you and any of your representatives, employees, agents, brokers, servants, or attorneys and to obtain and furnish all information that is in your possession

or under your control, or in the possession or under the control of your representatives, employees, agents, servants, or attorneys. Each Request refers to all matters that are either known by Defendant or that can be discovered by reasonably diligent efforts of Defendant.

2. Each Request which seeks information relating in any way to communications, to, from or within a business and/or corporate entity, is hereby designated to demand, and should be construed to include, all communications by and between representatives, employees, agents, brokers and/or servants of the business and/or corporate entity.

3. All information called for by these Requests or related to these Requests, for which Defendant claims a privilege or statutory authority as grounds for not answering shall be listed in the following order:

    (a) The nature of the information protected;

    (b) The identity of each person or persons with knowledge of information relating to said response;

    (c) The identity and title with Defendant, if any, or the person or persons supplying the Defendant's attorneys with the information requested above;

    (d) A general description of the item or document; and,

    (e) Factual and legal basis for claim, privilege or specific statutory or regulatory authority which provides the claimed ground for not responding.

4. Where exact information cannot be furnished, estimated information is to be supplied to the extent possible. Where estimation is used, it should be so indicated, and an explanation should be given as to the basis on which the estimate was made, and the reason exact information cannot be furnished.

5. These Requests refer to the entity The Trustees of Indiana University, and the time period January 1, 1979, through January 1, 2001, unless a different date is specified or apparent from the context of the Request.

6.      Responses to these Requests may be mailed or emailed within thirty (30) days to DeLaney & DeLaney LLC, 3646 N. Washington Blvd, Indianapolis, IN 46205, Kathleen@delaneylaw.net and cstake@delaneylaw.net.

## DEFINITIONS

A.      "**You**", "**your**", "**Defendant**", "**The Trustees of Indiana University**", and/or "**IU**" shall include the person or entity to whom these Requests are addressed; its officers, directors, contractors, agents and employees; or any merged, consolidated, or acquired predecessor or successor, parent, subsidiary, division, or affiliate; or any person acting on your behalf.

B.      "**Document**" or "**documents**" is used in the broadest sense permitted and includes, by way of illustration only and not by way of limitation, the following: originals, masters, duplications, summaries and every copy of writings, including handwritings, printed or typed, other graphic or photographic matter, including film or microfilm of any kind or nature, video tape, recordings (tape, disc or other) of oral communication and other data compilations from which information can be obtained, in the possession, custody or control of Defendant, or any present or former officers, employees or agents thereof, or known by Defendant to exist.  The term "document" or "documents" shall include, without limiting the generality of the foregoing, all letters, text messages, e-mails or other electronically or computer stored data, teletypes, facsimile transmissions, correspondence, contracts, agreements, notes to the files, shop notebooks, reports, memoranda, mechanical or electronic sound recordings or transcripts thereof, blueprints, flow sheets, formal or informal drawings or diagrams, calendar or diary entries, memoranda of telephone or personal conversations, meetings or conferences, studies, report, inter-office communications, price lists, cost summaries and breakdowns, bulletins, circulars, statements, manuals, summaries or compilations, minutes of meetings, maps, charts, graphs, order papers,

articles, announcements, books, catalogs, records, tables, books of account, ledgers, vouchers, canceled checks, invoices, bills, analyses, e-mail, or statistical data. Where it is uncertain whether something is a document, this definition shall be construed to include it.

C.    "**Person**" shall mean any individual, partnership, firm, corporation, association, joint venture, governmental agency, or any other business or legal entity.

D.    The term "**and/or**" means "and" and in the alternative "or" and shall be construed to require the broadest possible response to each request.

E.    "**Identify**", "**identity**", "**identification**", "**describe**" or "**description**":

(1)   When used in reference to an individual, shall mean to state his or her full name, present or last known residence address, business or official affiliation, business address, and phone number.
(2)   When used in reference to a corporation, shall mean to state its full name, officers, directors, shareholders, its state of incorporation, and its principal place of business.
(3)   When used in reference to a partnership, shall mean to state its full name, the identity (as defined) of each partner, and its principal place of business.
(4)   When used in reference to a person other than an individual, corporation or partnership, shall mean to state its official name, its organizational form, and its address.
(5)   When used in reference to a communication, shall mean to state (a) whether such communication is oral or in writing; (b) if in writing, its date, author, addressee, custodian, title, present location and subject matter; (c) if oral, the date, persons participating, and the subject matter thereof. In lieu of identifying any written communication, copies thereof may be furnished to Plaintiffs.

F.    "**Communicate**" or "**communication(s)**" shall include every manner or means of disclosure, transfer, or exchange, and every disclosure, transfer or exchange of information whether orally or by document or whether face-to-face, by telephone, mail, e-mail, personal delivery, or otherwise.

G.    "**Oral communication**" shall mean any utterance heard by any person, whether in person, by telephone, e-mail, facsimile transmission, or otherwise.

4

H.  "**Thing**" means any physical object other than a document.

I.  "**Policies**" or "**procedures**" shall refer to any rule, directive, practice, or course of conduct, whether formal or informal, written or unwritten, recorded or unrecorded, which was or is recognized by Defendant.

J.  "**Meeting**" shall refer to any assembly, convocation, or encounter, or contemporaneous presence of two or more persons for any purpose, whether or not planned, arranged or scheduled in advance.

K.  "**Or**" shall be construed either conjunctively or disjunctively to bring within the scope of these Requests any information which might be construed to be outside their scope.

L.  The singular includes the plural and vice versa. The masculine includes the feminine and neuter genders. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**   Produce a complete and legible copy of each and every document, thing, or other tangible item identified in response to Plaintiffs' First Set of Interrogatories to Defendant and each and every document, thing or other tangible item that was referred to or used in responding to Plaintiffs' First Set of Interrogatories to Defendant.

**RESPONSE:**

**REQUEST NO. 2:**   Produce any and all documents upon which you rely to support each and every affirmative defense in your Answer to Plaintiffs' Complaint and/or Answer to Plaintiffs' Amended Complaint(s).

**RESPONSE:**

**REQUEST NO. 3:** Produce all exhibits and documents Defendant intends to use at trial, whether as direct evidence, impeachment evidence, or demonstrative evidence.

**RESPONSE:**

**REQUEST NO. 4:** Produce any and all communications to any employees, contractors, or agents of Defendant describing a "litigation hold" or requirements to preserve electronic and other evidence related to Plaintiffs' claims in this lawsuit.

**RESPONSE:**

**REQUEST NO. 5:** Produce any and all policies of liability insurance (including umbrella policies) which provide insurance coverage for Defendant relating to the claims alleged in this lawsuit (including any declaration sheets listing coverage amounts provided, all endorsements, and all amendments).

**RESPONSE:**

**REQUEST NO. 6:** Produce any and all reservation of rights letters and/or claims correspondence by and between Defendant and its insurer(s) relating to or regarding any insurance coverage for Defendant relating to the claims alleged in this lawsuit.

**RESPONSE:**

**REQUEST NO. 7:**   Produce all statements (whether written or recorded) in the possession of Defendant or its agents of any person who has knowledge of any claims or damages alleged by Plaintiffs in this lawsuit from January 1, 1979, to present.

**RESPONSE:**

**REQUEST NO. 8:**   Produce all audio recordings of calls to the hotline (888-392-2296) related to or regarding Jones Day's independent review of allegations of inappropriate prostate and rectal exams performed by Dr. Bradford Bomba, Sr.

**RESPONSE:**

**REQUEST NO. 9:**   Produce all emails received by and sent to IUinvestigation@JonesDay.com related to or regarding Jones Day's independent review of allegations of inappropriate prostate and rectal exams performed by Dr. Bradford Bomba, Sr.

**RESPONSE:**

**REQUEST NO. 10:**   Produce all contracts or written agreements, including exhibits, schedules, amendments, letter agreements, and renewals, between Dr. Bradford Bomba, Sr. and Defendant.

**RESPONSE:**

**REQUEST NO. 11:**   Produce all documents that refer or relate to IU's decision to select Dr. Bradford Bomba, Sr. to serve as a team physician for the IU men's basketball team.

**RESPONSE:**

**REQUEST NO. 12:**  Produce all invoices, bills, or requests for payment of any kind received by Defendant from Dr. Bradford Bomba, Sr. and/or any medical practice with which Dr. Bradford Bomba, Sr. was affiliated for medical services provided to IU student athletes by Dr. Bradford Bomba, Sr.

**RESPONSE:**

**REQUEST NO. 13:**  Produce all documents reflecting, recording, or evidencing payments made to Dr. Bradford Bomba, Sr. by Defendant.

**RESPONSE:**

**REQUEST NO. 14:**  Other than documents produced in response to Request No. 13, produce all documents reflecting, recording, or evidencing monetary or non-monetary compensation paid to Dr. Bradford Bomba, Sr. pursuant to any contractual or employment relationship with IU.

**RESPONSE:**

**REQUEST NO. 15:**  Produce all documents related to the process by which IU men's basketball team members were scheduled for physical examinations with a team physician, including which physician each basketball team member was assigned to see.

**RESPONSE:**

**REQUEST NO. 16:**  Produce any forms created by Dr. Bradford Bomba, Sr.; Defendant; and/or any employee, agent, or contractor of Defendant regarding, related to, or used in connection with

physical examinations of IU student athletes, including but not limited to IU men's basketball team members.

**RESPONSE:**

**REQUEST NO. 17:**  Produce all referral forms utilized by IU for the purpose of requesting medical services for student athletes by any medical services provider, including but not limited to Dr. Bradford Bomba, Sr.

**RESPONSE:**

**REQUEST NO. 18:**  Produce all "clearance" or other such forms utilized by IU for the purposes of permitting student athletes to return to play following an injury or illness.

**RESPONSE:**

**REQUEST NO. 19:**  Produce all medical records, physical examination forms, patient notes, referral forms, clearance forms, or other documents evidencing medical services provided to Plaintiff Haris Mujezinovic by any medical services provider contracted by, employed by, or otherwise affiliated with IU, including but not limited to Dr. Bradford Bomba, Sr. An authorization to release protected health information executed by Plaintiff Haris Mujezinovic is attached hereto.

**RESPONSE:**

**REQUEST NO. 20:**  Produce all medical records, physical examination forms, patient notes, referral forms, clearance forms, or other documents evidencing medical services provided to Plaintiff Charlie Miller by any medical services provider contracted by IU, including but not

limited to Dr. Bradford Bomba, Sr. An authorization to release protected health information executed by Plaintiff Charlie Miller is attached hereto.

**RESPONSE:**


**REQUEST NO. 21:**  Produce all document retention and/or destruction policies regarding IU student athlete medical records.

**RESPONSE:**


**REQUEST NO. 22:**  Produce any and all documents and communications relating to any decision by Defendant not to renew Dr. Bradford Bomba, Sr.'s team physician contract or otherwise continue an employment or contractual or agency relationship with Dr. Bradford Bomba, Sr.

**RESPONSE:**


**REQUEST NO. 23:**  Produce any and all documents and communications relating to Dr. Bradford Bomba, Sr.'s decision not to renew Dr. Bradford Bomba, Sr.'s team physician contract or otherwise continue an employment or contractual or agency relationship with IU.

**RESPONSE:**


**REQUEST NO. 24:**  Produce any and all communications by and between Defendant, including but not limited to Defendant's counsel, and counsel for Dr. Bradford Bomba, Sr. dated January 1, 1979, to present.

**RESPONSE:**

**REQUEST NO. 25:** Produce any and all communications by and between Defendant, including but not limited to Defendant's counsel, and counsel for the Guardian of Dr. Bradford Bomba, Sr.'s person and estate dated January 1, 2024, to present.

**RESPONSE:**

**REQUEST NO. 26:** Produce any and all communications by and between Defendant, including but not limited to Defendant's counsel, and the Guardian of Dr. Bradford Bomba, Sr.'s person and estate dated January 1, 2024, to present.

**RESPONSE:**

**REQUEST NO. 27:** Produce any and all communications by and between Defendant, including but not limited to Defendant's counsel, and Dr. Bradford Bomba, Sr. regarding or related to the allegations in this lawsuit.

**RESPONSE:**

**REQUEST NO. 28:** Produce any and all communications by and between Defendant, including but not limited to Defendant's counsel, and any attorney, agent, contractor, or affiliate of Jones Day related to or regarding the allegations in this lawsuit and/or Jones Day's independent investigation of the allegations contained in this lawsuit and in the August 28, 2024, letter from Kathleen DeLaney to Anthony Prather *Re: Haris Mujezinovic v. The Trustees of Indiana University*.

**RESPONSE:**

**REQUEST NO. 29:** Produce any and all communications by and between any of Defendant's agents, employees, contractors, or affiliates related to or regarding this lawsuit, the allegations in this lawsuit, Jones Day's independent investigation of the allegations contained in this lawsuit and/or in the August 28, 2024, letter from Kathleen A. DeLaney to R. Anthony Prather *Re: Haris Mujezinovic v. The Trustees of Indiana University*, and/or Dr. Bradford Bomba, Sr.

**RESPONSE:**

**REQUEST NO. 30:** Produce all written policies for the relevant time period that address the prevention of sex-based harassment of students enrolled at IU, including but not limited to any written policies regarding or related to Title IX.

**RESPONSE:**

**REQUEST NO. 31:** Produce any and all documents or communications related to or regarding any complaints, reports, grievances, or similar documents received by Defendant that relate or refer to Dr. Bradford Bomba, Sr. dated January 1, 1979, to present.

**RESPONSE:**

**REQUEST NO. 32:** Produce any and all documents or communications related to or regarding any medical care provided by Dr. Bradford Bomba, Sr. to any IU men's basketball team member in connection with injuries sustained during practices.

**RESPONSE:**

**REQUEST NO. 33:** Produce any and all documents or communications related to or regarding any action, response, or discipline Defendant took, implemented, considered, or refused to implement related to or regarding any document or communication produced in response to Request for Production No. 31.

**RESPONSE:**

**REQUEST NO. 34:** Produce any and all documents or communications related to or regarding any requests by any IU student athlete to avoid or refuse undergoing a physical examination performed by Dr. Bradford Bomba, Sr.

**RESPONSE:**

**REQUEST NO. 35:** Produce any and all documents or communications related to or regarding any policies, procedures, guidance, or best practices provided by Defendant to any medical service provider who provided medical care to any IU student athletes.

**RESPONSE:**

**REQUEST NO. 36:** Produce all documents identified in your Initial Disclosures.

**RESPONSE:**

**REQUEST NO. 37:** Produce any and all documents produced by any non-parties in response to a non-party request for production and/or subpoena, or otherwise produced informally.

**RESPONSE:**

**REQUEST NO. 38:** Please produce a privilege log listing all documents which have been withheld from production or redacted on the basis of any privilege, and for each item or document, please provide:

    (a)    The date the item was created;

    (b)    The author of the document;

    (c)    A general description of the item or document;

    (d)    What privilege Defendant claims applies to the item or document.

**RESPONSE:**

Dated: December 30, 2024                      Respectfully submitted,

                                            */s/ Kathleen A. DeLaney*
                                            Kathleen A. DeLaney (#18604-49)
                                            Matthew R. Gutwein (#16414-49)
                                            Alexander J. Pantos (#36925-53)
                                            DELANEY & DELANEY LLC
                                            3646 Washington Blvd.
                                            Indianapolis, IN 46205

                                            *Counsel for Plaintiffs and the Putative Class*

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on December 30, 2024, a copy of the foregoing was served via email to the following counsel:

John Maley
Amanda Gallagher
Dylan Pittman
Charity Seaborn
Barnes & Thornburg LLP
11 S. Meridian Street
Indianapolis, IN 46204
john.maley@btlaw.com
amanda.gallagher@btlaw.com
dylan.pittman@btlaw.com
charity.seaborn@btlaw.com

                                    */s/ Kathleen A. DeLaney*
                                    Kathleen A. DeLaney