**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| HARIS MUJEZINOVIC and CHARLIE MILLER, individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No.: 1:24-cv-01827-RLY-MG |
| THE TRUSTEES OF INDIANA UNIVERSITY, | ) ) ) ) |
| Defendant. | ) |

**PLAINTIFFS' FIRST SET OF INTERROGATORIES TO**
**<u>DEFENDANT THE TRUSTEESS OF INDIANA UNIVERSITY</u>**

Plaintiffs Haris Mujezinovic and Charlie Miller, individually and on behalf of all others similarly situated ("Plaintiffs"), by counsel, and pursuant to Rule 33 of the Federal Rules of Civil Procedure, hereby submit the following written Interrogatories to Defendant The Trustees of Indiana University ("Defendant" or "IU") requiring Defendant to answer same, under oath, within thirty (30) days after date of service thereof, without evasion or equivocation; and further, Plaintiffs request that Defendant supplement responses made to the following Interrogatories pursuant to FRCP 26(e).

**<u>INSTRUCTIONS</u>**

1.      You are required, in responding to this request to obtain and furnish, in writing and under oath, all information available to you and any of your representatives, employees, agents, brokers, servants, or attorneys and to obtain and furnish all information that is in your possession or under your control, or in the possession or under the control of your representatives, employees,

agents, servants, or attorneys. Each Interrogatory refers to all matters that are either known by Defendant or that can be discovered by reasonably diligent efforts of Defendant.

2. Each Interrogatory which seeks information relating in any way to communications, to, from or within a business and/or corporate entity, is hereby designated to demand, and should be construed to include, all communications by and between representatives, employees, agents, brokers and/or servants of the business and/or corporate entity.

3. All information called for by these Interrogatories or related to these Interrogatories, for which Defendant claims a privilege or statutory authority as grounds for not answering shall be listed in the following order:

    (a) The nature of the information protected;
    (b) The identity of each person or persons with knowledge of information relating to said answer;
    (c) The identity and title with Defendant, if any, or the person or persons supplying the Defendant's attorneys with the information requested above;
    (d) A general description of the item or document; and,
    (e) Factual and legal basis for claim, privilege or specific statutory or regulatory authority which provides the claimed ground for not answering.

4. Where exact information cannot be furnished, estimated information is to be supplied to the extent possible. Where estimation is used, it should be so indicated, and an explanation should be given as to the basis on which the estimate was made, and the reason exact information cannot be furnished.

5. These Interrogatories refer to the entity The Trustees of Indiana University, and the time period of January 1, 1979, through January 1, 2001, unless a different date is specified or apparent from the context of the Interrogatory.

6. Responses to these Interrogatories may be mailed or emailed within thirty (30) days to DELANEY & DELANEY LLC, 3646 N. Washington Blvd, Indianapolis, IN 46205, Kathleen@delaneylaw.net, mgutwein@delaneylaw.net, and apantos@delaneylaw.net.

# DEFINITIONS

A.  "**You**", "**your**", "**Defendant**", "**The Trustees of Indiana University**", and/or "**IU**" shall include the person or entity to whom these Interrogatories are addressed; its officers, directors, agents and employees; or any merged, consolidated, or acquired predecessor or successor, parent, subsidiary, division, or affiliate; or any person acting on your behalf.

B.  "**Document**" or "**documents**" is used in the broadest sense permitted and includes, by way of illustration only and not by way of limitation, the following: originals, masters, duplications, summaries and every copy of writings, including handwritings, printed or typed, other graphic or photographic matter, including film or microfilm of any kind or nature, video tape, recordings (tape, disc or other) of oral communication and other data compilations from which information can be obtained, in the possession, custody or control of Defendant, or any present or former officers, employees or agents thereof, or known by Defendant to exist. The term "document" or "documents" shall include, without limiting the generality of the foregoing, all letters, text messages, e-mails or other electronically or computer stored data, teletypes, facsimile transmissions, correspondence, contracts, agreements, notes to the files, shop notebooks, reports, memoranda, mechanical or electronic sound recordings or transcripts thereof, blueprints, flow sheets, formal or informal drawings or diagrams, calendar or diary entries, memoranda of telephone or personal conversations, meetings or conferences, studies, reports, inter-office communications, price lists, cost summaries and breakdowns, bulletins, circulars, statements, manuals, summaries or compilations, minutes of meetings, maps, charts, graphs, order papers, articles, announcements, books, catalogs, records, tables, books of account, ledgers, vouchers, canceled checks, invoices, bills, analyses, e-mail, or statistical data. Where it is uncertain whether something is a document, this definition shall be construed to include it.

C.  "**Person**" shall mean any individual, partnership, firm, corporation, association, joint venture, governmental agency, or any other business or legal entity.

D.  The term "**and/or**" means "and" and in the alternative "or" and shall be construed to require the broadest possible response to each request.

E.  "**Identify**", "**identity**", "**identification**", "**describe**" or "**description**":

(1) When used in reference to an individual, shall mean to state his or her full name, present or last known residence address, business or official affiliation, business address, and phone number.
(2) When used in reference to a corporation, shall mean to state its full name, officers, directors, shareholders, its state of incorporation, and its principal place of business.
(3) When used in reference to a partnership, shall mean to state its full name, the identity (as defined) of each partner, and its principal place of business.
(4) When used in reference to a person other than an individual, corporation or partnership, shall mean to state its official name, its organizational form, and its address.
(5) When used in reference to a communication, shall mean to state (a) whether such communication is oral or in writing; (b) if in writing, its date, author, addressee, custodian, title, present location and subject matter; (c) if oral, the date, persons participating, and the subject matter thereof. In lieu of identifying any written communication, copies thereof may be furnished to Plaintiff.

F.  "**Communicate**" or "**communication(s)**" shall include every manner or means of disclosure, transfer, or exchange, and every disclosure, transfer or exchange of information whether orally or by document or whether face-to-face, by telephone, mail, e-mail, personal delivery, or otherwise.

G.  "**Oral communication**" shall mean any utterance heard by any person, whether in person, by telephone, e-mail, facsimile transmission, or otherwise.

H.  "**Thing**" means any physical object other than a document.

I. "**Policies**" or "**procedures**" shall refer to any rule, directive, practice, or course of conduct, whether formal or informal, written or unwritten, recorded or unrecorded, which was or is recognized by Defendant.

J. "**Meeting**" shall refer to any assembly, convocation, or encounter, or contemporaneous presence of two or more persons for any purpose, whether or not planned, arranged or scheduled in advance.

K. "**Or**" shall be construed either conjunctively or disjunctively to bring within the scope of these Interrogatories any information which might be construed to be outside their scope.

L. The singular includes the plural and vice versa. The masculine includes the feminine and neuter genders. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify the person(s) answering these interrogatories, all persons assisting in answering these interrogatories, and all documents reviewed in answering these interrogatories.

**ANSWER:**


**INTERROGATORY NO. 2:** Identify all witnesses who have knowledge of the matters at issue in the pleadings, including any affirmative defenses on which Defendant intends to rely. For each person, provide their full name, last known home and business addresses, email address, telephone numbers, and dates of employment with IU, if applicable, and describe in detail the substance of their knowledge.

**ANSWER:**

**INTERROGATORY NO. 3:** To the extent not identified in your response to Interrogatory No. 2, please identify each person you believe has personal knowledge of any matter set forth in the pleadings, including any affirmative defenses on which Defendant intends to rely. List each person's last known home and business addresses, email address, telephone numbers, and dates of employment with IU, if applicable. Additionally, for each person allegedly possessing personal knowledge of any such matters, describe what you believe to be each person's personal knowledge.

**ANSWER:**


**INTERROGATORY NO. 4:** Identify each year Dr. Bradford Bomba, Sr. was affiliated with IU as a sports team physician. For each year of affiliation, identify which sports team(s) Dr. Bomba, Sr. served as a IU sports team physician.

**ANSWER:**


**INTERROGATORY NO. 5:** Provide the years in which IU compensated Dr. Bradford Bomba, Sr. for his service as a sports team physician and state the corresponding amount of compensation for each year.

**ANSWER:**


**INTERROGATORY NO. 6:** For all years that IU compensated Dr. Bradford Bomba, Sr., for his services, Identify the following information:

    a. Whether IU and Dr. Bradford Bomba, Sr. had a written contract(s) for such services;

    b. The effective dates of any contract(s), including any amendments thereto;

6

    c. All parties to the contracts;

    d. Whether IU employed Dr. Bradford Bomba, Sr.;

    e. If IU employed Dr. Bradford Bomba, Sr, the time period of his employment; and

    f. Whether IU reported payments to Dr. Bradford Bomba, Sr. on an IRS Form 1099 or IRS Form W-2.

**ANSWER:**

**INTERROGATORY NO. 7:** For the relevant time period, Identify all individuals IU has contracted with or employed as a team physician for student athletes at IU's Bloomington campus.

**ANSWER:**

**INTERROGATORY NO. 8:** For the relevant time period, Identify all individuals IU has contracted with or employed as an athletic trainer, coach, assistant coach, or non-physician medical care provider for the IU men's basketball program at IU's Bloomington campus.

**ANSWER:**

**INTERROGATORY NO. 9:** For the relevant time period, Identify all policies and procedures, including amendments, requiring annual physical examinations for student athletes within the context of their participation in IU's sports programs.

**ANSWER:**

**INTERROGATORY NO. 10:** For the relevant time period, Identify the person or persons who assigned student athletes to the team physician(s) for annual medical physical examinations within the context of their participation in the IU men's basketball program.

**ANSWER:**

**INTERROGATORY NO. 11:** For the relevant time period, list the locations and dates Dr. Bradford Bomba, Sr. conducted physical examination(s) of Haris Mujezinovic and/or provided medical care to Haris Mujezinovic within the context of Mr. Mujezinovic's participation in the IU men's basketball program, including the source of the information from which your answer is derived.

**ANSWER:**

**INTERROGATORY NO. 12:** For the relevant time period, list the locations and dates Dr. Bradford Bomba, Sr. conducted annual physical examination(s) of Charlie Miller and/or provided medical care to Charlie Miller within the context of his participation in the IU men's basketball program, including the source of the information from which your answer is derived.

**ANSWER:**

**INTERROGATORY NO. 13:** Describe all actions taken by Defendant, if any, to investigate the allegations as set forth in attorney Kathleen A. DeLaney's August 28, 2024, letter to R. Anthony Prather.

**ANSWER:**

**INTERROGATORY NO. 14:** Identify all past or current employees and agents of Defendant who have knowledge of any complaints about Dr. Bradford Bomba, Sr. from any source whatsoever, including each individual's current or past position with IU and any past titles or positions held during their affiliation with IU.

**ANSWER:**

**INTERROGATORY NO. 15:** For any person Identified in your answers to Interrogatories No. 3 and 14, provide a summary of the complaint about which each person has knowledge, including dates, all persons involved or consulted, IU's response to, and the resolution, if any, of the complaint.

**ANSWER:**

**INTERROGATORY NO. 16:** For the relevant time period, Identify the names and titles of any person affiliated with IU who had access to men's basketball players' medical records.

**ANSWER:**

**INTERROGATORY NO. 17:** For the relevant time period, identify and describe the location(s) and format(s) in which IU or any medical service providers affiliated with, contracted with, or employed by IU stored men's basketball players' medical records.

**ANSWER:**

**INTERROGATORY NO. 18:** Identify each witness Defendant may or intends to call at trial, including any rebuttal witnesses. For each witness, state:

    (a)    The name, job title, dates of employment, address, and telephone number of each witness;

    (b)    The subject matter on which each witness is expected to testify; and

    (c)    The substance of the facts to which each witness is expected to testify.

**ANSWER:**


**INTERROGATORY NO. 19:** Identify each expert witness you intend to disclose for purposes of testifying at trial, and, for each witness, a complete statement of all opinions the witness will express and the basis and reasons for them, the facts or data considered by the witness in forming them, any exhibits that will be used to summarize or support them, the witness's qualifications, including a list of all publications authored in the previous 10 years, a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition, a statement of the compensation to be paid for the study and testimony in the case, the subject matter on which the witness is expected to present evidence, and a summary of the facts and opinions to which the witness is expected to testify.

**ANSWER:**


**INTERROGATORY NO. 20:** Identify all exhibits you intend to use at trial in this case.

**ANSWER:**

## **VERIFICATION**

I, _____, state that I am above the age of majority and have personal knowledge of and am competent to testify to the above matters, and that these responses are true to the best of my belief and knowledge.

_____  
Date

_____  
Signature

_____  
Title

Dated: December 30, 2024									Respectfully submitted,


								*/s/ Kathleen A. DeLaney*
								Kathleen A. DeLaney (#18604-49)
								Matthew R. Gutwein (#16414-49)
								Alexander J. Pantos (#36925-53)
								DELANEY & DELANEY LLC
								3646 Washington Blvd.
								Indianapolis, IN 46205

								*Counsel for Plaintiffs and the Putative Class*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 30, 2024, a copy of the foregoing was served via email to the following counsel:

John Maley
Amanda Gallagher
Dylan Pittman
Charity Seaborn
Barnes & Thornburg LLP
11 S. Meridian Street
Indianapolis, IN 46204
john.maley@btlaw.com
amanda.gallagher@btlaw.com
dylan.pittman@btlaw.com
charity.seaborn@btlaw.com


								*/s/ Kathleen A. DeLaney*
								Kathleen A. DeLaney