# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| HARIS MUJEZINOVIC, CHARLIE MILLER, and JOHN FLOWERS, individually and on behalf of all others similarly situated,<br>　　　　Plaintiffs,<br>v.<br>THE TRUSTEES OF INDIANA UNIVERSITY, and TIM GARL, in his individual capacity,<br>　　　　Defendants. | No. 1:24-cv-01827-RLY-MG<br><br>Served on Magistrate Judge Garcia, MJGarcia@insd.uscourts.gov; Not Filed |

## JOINT STATEMENT ON WHETHER TO STAY FURTHER DISCOVERY PENDING RULING ON DISMISSAL MOTIONS

　　For discussion at the March 3, 2025 initial pretrial conference, all Parties—Plaintiffs, Defendant Trustees of IU, and Defendant Tim Garl—respectfully submit this Joint Statement outlining their individual positions on IU's request to stay further discovery pending adjudication of both defense motions for Rule 12(b)(6) dismissal of this case. [*See* IU's Mot. at ECF94 with Br. at ECF95, & Mr. Garl's at ECF92 with Br. at ECF93] Mr. Garl consents to the request; Plaintiffs object.

### A) IU's position in support of staying further discovery pending Rule 12(b)(6) ruling.

　　"It is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending." *6100 Pacific, LLC v. CWI, Inc.*, 2018 WL 3127175, at *2 (S.D. Ind. Mar. 16, 2018) (staying discovery; "[t]he court generally is disinclined to allow discovery to proceed when a motion for judgment on the pleadings is pending") (Brookman, M.J.) (cite omitted); *accord Sanders v. City of Indianapolis*, 2010 WL 1410587, at *1 (S.D. Ind. Apr. 2, 2010) (courts "often stay discovery while a motion to dismiss" is pending). Indeed, this Court has often stayed discovery where, as here, pending motions would be fully dispositive. *E.g.*, *Ogungemi v. Omnicare, Inc.*, 2023 WL 2139834, at *2 (S.D. Ind. Feb. 17, 2023) (doing so pending ruling on, *e.g.*, dismissal motion raising "significant threshold" issue of "statute of limitations"); *Hamm v. Hearthstone Health Campus*, 2023 WL 11932372, at *1 (S.D. Ind. Feb. 28, 2023) (Garcia, M.J.) (same where full dismissal would make "any discovery in the interim … wasteful and burdensome," and even partial dismissal "could narrow the scope of relevant discovery"); *Panther Brands, LLC v. Indy Racing League, LLC*, 2014 WL 11411864, at *1 (S.D. Ind. Oct. 15, 2014) (same as discovery was "not needed to resolve the pending [dismissal] motions"; "[a] stay is appropriate … where ongoing discovery is unlikely to produce facts necessary to defeat the motion" (cite omitted)).[1]

---

[1] *See also, e.g.*, *Sparger-Withers v. Taylor*, 2022 WL 1185747, at *2–3 (S.D. Ind. Apr. 21, 2022) (Garcia, M.J.) (staying discovery pending Rule 12 ruling); *Ecure Indiana Corp. v. United Healthcare Ins.*, 2023 WL 5748652, at *2 (S.D. Ind. Sept. 6, 2023) (Garcia, M.J.) (same); *Nat'l Police Ass'n, Inc. v. Gannett*, 2021 WL 5364207, at *1, *4 (S.D. Ind. Oct. 25, 2021) (same pending Rule 12 motion raising, *e.g.*, "time-bar[]"); *Towne Mortg. Co. v. Gen. Star Nat'l Ins. Co.*, 2015 WL 12885838, at *2–3 (S.D. Ind. Dec. 22, 2015) (same); *Soares v. Meeks*, 2021 WL 5748438, at *3–4 (S.D. Ind. Oct. 4, 2021) (same pending motion raising, *e.g.*, "statute of limitations issues").

So it is here. This putative class action, whose three named Plaintiffs claim to have been abused by a non-party physician in the 20th century ('80s and '90s), will end if this Court grants IU's and Mr. Garl's defense motions raising, among other barriers, the long-lapsed, two-year statute of limitations that is fully dispositive ***alone***. [ECF94 & ECF92]  Staying further discovery pending resolution of those motions is warranted, streamlining proceedings without unduly prejudicing Plaintiffs, who need no discovery to attempt a Rule 12(b)(6) response (certainly not the sweeping 79+ requests they have served on IU so far), and who have anyway already deposed the primary witness, Dr. Bomba, Sr., sitting "at the heart of [their] claims" [ECF33 at 7–9].  To recap:

**(1)**  On 10/15/24, Plaintiffs sued IU raising Title-IX theories claiming they were sexually abused by Dr. Bomba, Sr., decades ago—no later than '90s. [ECF1]

**(2)**  On 12/4/24, they took the expedited, "centrally relevant" deposition of that former physician. [ECF33 at 7–10; ECF53 at 1]

**(3)**  Later that month (12/17/24), IU moved to dismiss the suit **(a)** for missing the two-year statute of limitations by decades, and alternatively **(b)** to the extent it alleges damages not recoverable under Title IX as a matter of law. [ECF57 (Mot.); ECF58 (Br.)]

**(4)**  A couple weeks onward (12/30/24), Plaintiffs advised of their intent to amend the complaint rather than oppose IU's motion, and IU advised that it would seek to stay further discovery after confirming that the amendment remains deficient.

**(5)**  Later that day, Plaintiffs served IU with 79+ discovery requests [**Exs. 1**, **2**, & **3** (RFPs, RFAs, & Interrogs., respectively)], many of them purportedly covering a 20+ year period starting in 1979 [*e.g.*, **Ex. 1** at 2; **Ex. 3** at 2].

**(6)**  On 1/14/25, Plaintiffs filed the (operative) Amended Complaint [ECF69], adding a Plaintiff with even older allegations (early '80s), plus a new Defendant (Mr. Garl) named in his "individual capacity" for § 1983 allegations similarly about the late 1900s. [ECF69]

**(7)**  Thus, IU again moved to dismiss on the prior grounds of time-bar and damages restrictions. [ECF94; ECF95]  Mr. Garl, too, moved to dismiss on grounds including time-bar (and failure to state a claim and qualified immunity). [ECF92; ECF93]

This setting more than justifies staying further discovery pending the 12(b)(6) ruling.  Pertinent stay factors so confirm.  *6100 Pac.*, 2018 WL 3127175, at *1 (staying discovery after weighing "undu[e] prejudice," matter "simplif[ication]," and "reduc[tion]" of litigation "burden").

***First***, the stay would not "unduly prejudice or tactically disadvantage" Plaintiffs.  *Id.*  Having sued more than a quarter-century after the alleged conduct, Plaintiffs do not and cannot seek to preliminarily enjoin anything.  Nor have they moved to certify a class.  Instead, Plaintiffs face Rule 12(b)(6) motions aimed at the Amended Complaint's allegations.  [ECF94; ECF92]  Resolving the motions requires no discovery—not even the "centrally relevant," expedited deposition Plaintiffs took of the primary witness [ECF33 at 7–8].  *See, e.g.*, *Panther Brands*, 2014 WL 11411864, at *1; *Dillinger, L.L.C. v. Elec. Arts, Inc.*, 2010 WL 1945739, at *1 (S.D. Ind. May 11, 2010) (staying discovery; "avoiding potentially unnecessary discovery costs—and if the motion to dismiss succeeds, then all discovery costs would have been unnecessary—will not significantly prejudice [the plaintiff], and may indeed even operate to its benefit.").

***Next***, dismissal—even on time-bar alone—would "simplify" the case**:**  By ending it.  *6100 Pac.*, 2018 WL 3127175, at *1; *see Spears v. SLT Lending*, 2023 WL 2600692, at *4 (S.D. Ind. Mar. 22, 2023) (recognizing propriety of dismissing with prejudice where, as here, plaintiff had chance to amend).  And even if anything somehow survives, the "ruling will frame the course of this action and could narrow the scope of relevant discovery."  *E.g.*, *Hamm*, 2023 WL 11932372, at *1; *Ogungemi*, 2023 WL 2139834, at *2 ("case could benefit from some clarity on which Plaintiffs have viable claims").

*Last*, staying further discovery pending the dismissal ruling would "reduce the burden of litigation on the parties and on the court." *6100 Pac.*, 2018 WL 3127175, at *1. Illustrating this is the exceedingly broad "first" wave of 79+ requests that Plaintiffs have already served on IU [**Exs. 1**, **2**, & **3**], seeking decades' worth of material on numerous topics such as medical documentation and treatments, reaching well beyond the seven years that the three named Plaintiffs played men's basketball at IU ('81–'82, '94–'98). This sweeping discovery will require extraordinary time and resources from the parties, including publicly funded IU. The discovery is also highly likely to burden this Court with good-faith discovery disputes on issues such as privilege and proportionality, adding to the multiple discovery issues that have already required judicial attention just for Plaintiffs' expedited discovery of Dr. Bomba, Sr. [*e.g.*, ECF5; ECF24; ECF37; ECF52].

Accordingly, and with Plaintiffs having taken expedited discovery and deposition of Dr. Bomba, Sr., IU respectfully submits that further discovery should be stayed pending ruling on the defense motions. IU is prepared to file a motion to that effect if necessary, further explaining the propriety and efficiency of that approach.

**B) Tim Garl's position supporting stay of further discovery pending Rule 12(b)(6) ruling**.

Tim Garl joins IU position and supports a stay of further discovery pending the Court's Order on his pending Motion to Dismiss.

**C) Plaintiffs' position opposing stay of further discovery pending Rule 12(b)(6) ruling**.

Plaintiffs object to a stay of discovery pending a ruling on Defendants' Motions to Dismiss. In *Johnson v. United States*, this Court denied a Motion to Stay where a Defendant had filed a motion to dismiss based on statute of limitations grounds. No. 1:22-cv-01481-JPH-MG, 2023 U.S. Dist. LEXIS 49222 (S.D. Ind. March 22, 2023) (Garcia, M.J.). The Court should reach the same outcome here.

Courts "disfavor stays of discovery 'because they bring resolution of the dispute to a standstill.'" *Am. Senior Cmtys., LLC v. Burkhart*, No. 1:17-cv-03273-TWP-DML, 2019 U.S. Dist. LEXIS 16021, *6 (S.D. Ind. Feb. 1, 2019) (internal citations omitted). "Filing a motion to dismiss does not automatically stay discovery…and the court is not required to grant a motion to stay discovery pending a ruling on a motion to dismiss." *Red Barn Motors, Inc. v. Cox Enters.*, No. 1:14-cv-01589-TWP-DKL, 2016 U.S. Dist. LEXIS 57876, **5-6 (S.D. Ind. May 2, 2016) (citation omitted). "[A] party has no right to a stay, and the party seeking a stay bears the burden of proving that the Court should exercise its discretion in staying the case." *Id.* at *6 (citing *Ind. State Police Pension Trust v. Chrysler LLC*, 556 U.S. 960, 961 (2009). "To carry its burden, the movant must show that good cause exists for the stay: the good cause determination encompasses factors such as whether the stay will prejudice the non-movant; whether the stay will simplify the issues in the case; and whether the stay will reduce the burden of litigation for the parties or the court." *U.S. ex rel. Robinson v. Ind. Univ. Health Inc.*, 1:13-cv-02009-TWP-MJD (S.D. Ind. June 30, 2015) (citations omitted). All three of these factors weigh against a stay.

A stay would prejudice the Plaintiffs. Plaintiffs seek information from Defendants "that may assist them in responding to certain arguments about…statute of limitations advanced by Defendant[s] in [their] Dispositive Motion[s]." *Johnson*, 2023 U.S. Dist. LEXIS 49222 at **4-5. Plaintiffs' Title IX claims against IU are based on deliberate indifference. IU's deliberate indifference is relevant to the statute of limitations defense because Plaintiffs did not know, or have reason to

3

know, that IU's deliberate indifference had injured them. Discovery on whether IU acted with deliberate indifference towards Dr. Bomba, Sr.'s sexual assaults will be relevant not only to the merits of Plaintiffs' claims, but to the statute of limitations defense.

Furthermore, Plaintiffs need to proceed expeditiously with discovery related to non-party Dr. Bradford Bomba, Sr. Dr. Bomba, Sr. is over 90 years old and is in poor health. Plaintiffs have already deposed Dr. Bomba, Sr. on an emergency basis, but Dr. Bomba, Sr. invoked his Fifth Amendment privilege against self-incrimination over 45 times at his deposition. *See* Dkt. 53. Plaintiffs filed a Motion to Compel against Dr. Bomba, Sr. in order to compel answers to many of the questions that he refused to answer. Plaintiffs' Motion is fully briefed and pending. If the Court grants the Motion to Compel, but enters an Order staying discovery, then it will thwart Plaintiffs' efforts to re-depose Dr. Bomba, Sr. in a timely manner.

The fact that Defendants have filed dispositive motions is an insufficient basis to stay the case. It is "not evident…that the pending Dispositive Motion[s] will simplify issues." *Johnson*, 2023 U.S. Dist. LEXIS 49222 at *5. Although courts have stayed cases when a party raises "a potentially dispositive threshold issue," statute of limitations defenses are usually not considered threshold issues. *See Id.* at ** 2-5. "When a defendant charges noncompliance with the statute of limitations, 'dismissal under Rule 12(b)(6) is irregular, for the statute of limitations is an affirmative defense.'" *Chi. Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613-614 (7th Cir. 2014) (citation omitted) (cleaned up).[2]

Generally speaking, the "threshold issues" that courts rely upon in issuing stays are "standing, jurisdiction, or qualified immunity." *Johnson*, 2023 U.S. Dist. LEXIS 49222 at *2. IU makes none of these arguments, and neither Defendant has challenged this Court's standing or jurisdiction to hear the case. Nor is Garl's qualified immunity defense likely to be resolved at the pleadings stage. "Because an immunity defense usually depends on the facts of the case, dismissal at the pleading stage is inappropriate: The plaintiff is not required initially to plead factual allegations that anticipate and overcome a defense of qualified immunity." *Alvarado v. Litscher*, 267 F.3d 648, 651-652 (7th Cir. 2001). See also *Tamayo v. Blagojevich*, 526 F.3d 1074, 1090 (7th Cir. 2008) ("The pleadings standard is no different simply because qualified immunity may be raised as an affirmative defense."). A stay will needlessly delay discovery of what promises to be relevant to that issue.

On the last factor, "a party resisting discovery on the basis of undue burden must show with specificity that the discovery requests [at] issue are objectionable." *Robinson*, 2015 U.S. Dist. LEXIS 84642 at *12. "This showing typically requires affidavits or other evidence supporting a party's assertions of burden." *Id.* at *13. Merely "decry[ing] the time and expense that they expect will be associated with responding to" written discovery requests, without estimating how much time or

---

[2] Although this Court has stayed discovery in cases where defendants asserted statute of limitations defenses in motions to dismiss, those cases included defenses or other unique circumstances that the Court found to warrant a stay. *See, e.g., Ogungemi v. Omnicare, Inc.*, No. 1:22-cv-00649-SEB-MKK, 2023 U.S. Dist. LEXIS 28130, *6 (S.D. Ind. Feb. 17, 2023) (staying discovery where all but six of the named plaintiffs had signed valid arbitration agreements); *Nat'l Police Ass'n v. Gannett Co.*, No. 1:21-cv-01116-TWP-DLP, 2021 U.S. Dist. LEXIS 224410, *2 (Defendants' motion to dismiss included a collateral estoppel defense); *Towne Mortg. Co. v. General Star Nat'l Ins. Co.*, No.1:15-cv-01374-SEB-DML, 2015 U.S. Dist. LEXIS 193885, *9 (staying discovery pending resolution of "illusory coverage" theory, given the "significance" of the issue and the parties' conflicting positions on it); *Soares v. Meeks*, No. 3:21-cv-00057-RLY-MPB, 2021 U.S. Dist. LEXIS 2333375, **8-9 (S.D. Ind. Oct. 4, 2021) (motion to dismiss was based in part on lack of subject matter jurisdiction under Rule 12(b)(1)).

4

money will be expended, or analyzing why such amounts would be disproportionate to the litigation, is insufficient. *Id.*; *Cf. Panther Brands, LLC v. Indy Racing League, LLC*, No. 1:14-cv-00472-TWP-TAB, 2014 U.S. Dist. LEXIS 146757, *3 (S.D. Ind. Oct. 15, 2014) (finding that a stay was appropriate, albeit a "close question," where Defendants estimated that discovery would entail production of over 206,000 documents and the total costs for production would range between $25,000 and $35,000). Defendants have not and cannot make this showing. Plaintiffs have not served Garl with any discovery requests yet. Plaintiffs have served IU with 38 Requests for Production of Documents, 20 Interrogatories, and 19 Requests for Admission. The requests are typical in number (the Interrogatories and Requests for Admission are lower than the maximums permitted by rule), and not unduly burdensome or disproportional to the needs of the case. Moreover, any burden that IU may have would not be relieved by a stay of this litigation. As it notes in its Motion to Dismiss, IU "has retained a major law firm to conduct a fully independent and comprehensive investigation" of Plaintiffs' allegations. Dkt. 95 at 20. IU has represented that it "will abide by [the investigation's] findings and take any warranted actions." *Id.* IU's representations imply that this investigation will proceed regardless of whether the Court enters a stay.

The Court should deny the request to stay discovery.

Date: February 24, 2025

Respectfully submitted *with Consent of Plaintiffs' Counsel and Mr. Garl's Counsel*,

/s/ John R. Maley
John R. Maley
Dylan A. Pittman
Amanda Jane Gallagher
Charity Seaborn
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana 46204
Telephone: (317) 231-7464
Facsimile: (317) 231-7433
Email: jmaley@btlaw.com
dpittman@btlaw.com
agallagher@btlaw.com
cseaborn@btlaw.com

*Attorneys for Trustees of Indiana University*

5