UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HARIS MUJEZINOVIC, CHARLIE MILLER, and JOHN FLOWERS, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>THE TRUSTEES OF INDIANA UNIVERSITY and TIM GARL, in his individual capacity,<br><br>    Defendants. | No. 1:24-cv-01827-RLY-MG |

**TIM GARL'S NOTICE REGARDING PLAINTIFFS' MOTION
FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Defendant Tim Garl respectfully notifies this Court of his position regarding Plaintiffs' Motion for Leave to File Second Amended Complaint ("Motion for Leave," Dkt. 106). Mr. Garl objects to the Motion for Leave for three reasons. First, all of claims contained within the Second Amended Complaint are futile (*e.g.*, they are time-barred and fail to state claims as a matter of law), as set forth in Mr. Garl's pending motion to dismiss ("Motion to Dismiss"). *See* Dkt. 92 and 93. Second, as explained in Mr. Garl's Motion for Expedited Ruling on his Motion to Dismiss ("Expedited Motion," Dkt. 105) Mr. Garl faces mounting personal prejudice each day this Court considers, as it must, his Motion to Dismiss, and this prejudice was caused by the Plaintiffs' own doing. *Id*. Third and finally, Mr. Garl objects to the Motion for Leave because the Plaintiffs represented to Mr. Garl and this Court during the Initial Pre-Trial Conference ("Conference") on March 3, 2025, Dkt. 103, the reason for the Second Amended Complaint was that Plaintiffs had not yet been able to add state tort law claims against Indiana University under the Indiana

1

Tort Claims Act ("ITCA") notice period requirements. However, as evidenced by the proposed Second Amended Complaint, the Plaintiffs seek to do far more than that:

1) "Adding Larry Richardson Jr., as a new Plaintiff in this case;" (Dkt. 106 at ¶ 7)

    a) Counsel for Mr. Garl highlighted the issues caused by Plaintiffs' filing the First Amended Complaint without alerting this Court of the issue related the ITCA notice period deadline both during the Conference on March 3rd, *see* Dkt. 103, and again in Mr. Garl's Expedited Motion, *see* Dkt. 105. Despite this, Plaintiffs filed the Second Amended Complaint on March 10, 2025, naming Mr. Richardson as a Plaintiff and seeking to assert state tort law claims against Indiana University on behalf of all Plaintiffs. *See* Dkt. 106-1, ¶¶ 173-185. However, counsel for the Plaintiffs did not send the required ITCA Notice regarding Mr. Richardson's alleged state tort law claims until March 11, 2025. Nowhere in the Motion for Leave or the Proposed Second Amended Complaint do the Plaintiffs disclose the fact that a new ITCA Notice period had begun to run, which could necessitate[1] the Plaintiffs to file a Third Amended Complaint.

2) "and, now that Plaintiffs are permitted by law to do so, adding state law tort claims against Indiana University;" (Dkt. 106 at ¶ 7)

    a) As explained above, the Plaintiffs were not, at the time of the filing of their Motion for Leave, *all* permitted to file state law tort claims against Indiana University.

---

[1] On March 17, 2025, counsel for Indiana University provided Indiana University's denial of Mr. Richardson's ITCA notice to Mr. Richardson's counsel, and requested the parties work together to resolve any procedural issues related to Mr. Richardson's claims being filed before the denial of his ITCA notice. However, given the discussions of the parties at the Conference, it is deeply troubling that the Plaintiffs *again* withheld relevant information regarding the ITCA from this Court in the proposed Second Amended Complaint.

3) "add specific allegations of a men's basketball player reporting in 1979 to Coach Bob Kight, then-athletic trainer Bob Youn and IU President's Office employee George Taliaferro that Dr. Bomba, Sr. had penetrated his anus at Assembly Hall;" (Dkt. 106 at ¶ 7)

    a) These allegations are far from specific, but are instead couched as "upon information and belief," *see* Dkt. 106-1 ¶¶ 64-68. Indeed, it is notable that the Plaintiffs, despite purporting to seek to represent "all former Indiana University's men's basketball players who were sexually assaulted by Dr. Bradford Bomba Sr.," have not named or otherwise identified the name of the player who has come forward in the last few weeks with these allegations, which seem designed to avoid Indiana University's Motion to Dismiss.

4) "and make other amendments to the First Amended Complaint." (Dkt. 106 at ¶ 7)

    a) This category is the vaguest portion of Plaintiffs' Motion for Leave, and likely for good reason. Despite suing Mr. Garl in his personal capacity, and thus not being subject to the ITCA Notice provisions, the Second Amended Complaint seeks to add two new tort law claims against Mr. Garl (intentional infliction of emotional distress (Count IV) and willful or wanton misconduct (Count V)). Plaintiffs do not explain how or why they were unable to assert these claims in the First Amended Complaint. Similarly, the Plaintiffs' proposed Second Amended Complete is replete with additional allegations that attempt to address the fatal defects that Plaintiffs' First Amended Complaint contained, as identified in the Motion to Dismiss. As the Plaintiffs have already used their one—and **only**—amendment as of right, the Plaintiffs should not be entitled to use a manufactured delay to avoid

the fatal flaws of their First Amended Complaint that warrant dismissal of the claim against Mr. Garl with prejudice, pursuant to his Motion to Dismiss.

However, consistent with the interests of judicial economy contained in Fed. R. Civ. P. 1, Mr. Garl defers briefing further how the amendments in the proposed Second Amended Complaint are futile. If the Court does grant leave to amend *again*, Mr. Garl will yet again move to dismiss pursuant to Rule 12(b)(6), with a full brief addressing all claims against him.

Dated: March 17, 2025                                    Respectfully submitted,

/s/ *Christopher D. Lee*

DINSMORE & SHOHL LLP                Christopher D. Lee, Atty. No. 17424-47
211 N. Pennsylvania Street          Daniel R. Kelley, Atty. No. 30706-49
One Indiana Square, Suite 1800      Andrew D. Dettmer, Atty. No. 35202-49
Indianapolis, IN 46204              Courtney N. Strickland, Atty. No. 37885-86
T.    (317) 639-6151
F.    (317) 639-6444

Christopher.Lee@Dinsmore.com
Daniel.Kelley@Dinsmore.com
Andrew.Dettmer@Dinsmore.com
Courtney.Strickland@Dinsmore.com    *Counsel for Defendant Tim Garl*

## Certificate of Service

I certify that a copy of the foregoing was served on counsel of record via the Court's CM/ECF system on March 17, 2025.

/s/ *Christopher D. Lee*
Christopher D. Lee

4