UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HARIS MUJEZINOVIC individually and on behalf of all others similarly situated, CHARLIE MILLER individually and on behalf of all others similarly situated, JOHN FLOWERS, <br><br> Plaintiffs, <br><br> v. <br><br> TRUSTEES OF INDIANA UNIVERSITY, TIM GARL, <br><br> Defendants. <br><br> JOSEPH T. BOMBA, <br><br> Interested Party. | No. 1:24-cv-01827-RLY-MG |

ORDER

Pending before the Court is Interested Party Joseph T. Bomba/Guardian's Motion to Reconsider and Stay, Motion to Quash, and Motion for Protective Order. [Filing No. 120.]

Dr. Bomba, Sr.'s (going forward, Dr. Bomba) alleged conduct is at the heart of this lawsuit against the Trustees of Indiana University and individual defendant Tim Garl. As part of discovery, Plaintiffs sought Dr. Bomba's deposition. Following an extensive meet and confer process, Dr. Bomba's counsel filed a motion to quash the deposition notice. In December of 2024, the undersigned held a hearing where he assessed Dr. Bomba's competency to testify and ultimately denied the attempt to quash and found Dr. Bomba competent to sit for his deposition and follow his attorney's advice. [Filing No. 46.] However, the undersigned noted it was a close and difficult decision made without "a significant margin." [Filing No. 46.]

1

At his deposition (taken the day after the hearing), Dr. Bomba invoked the Fifth Amendment in response to scores of questions. Plaintiffs filed a motion asking the Court to compel Dr. Bomba to re-sit for his deposition and answer a number of questions which he previously refused to answer on Fifth Amendment grounds. [Filing No. 52.] The Court recently granted Plaintiffs' motion in part, ruling Dr. Bomba must sit for his deposition and answer 19 of the privilege-disputed questions along with reasonable follow up. [Filing No. 117.] Plaintiffs noticed Dr. Bomba's deposition for April 3, 2025. Dr. Bomba's counsel responded by filing this Motion to Reconsider and Stay, Motion to Quash, Motion for Protective Order and Expedited Ruling, [Filing No. 121].

The motion argues Dr. Bomba's health has deteriorated since he last presented to the Court at his December 2024 hearing. In support, counsel attaches an affidavit from Jerry D. Heady, M.D., who examined Dr. Bomba at his home on March 26, 2025. [Filing No. 121-2 at 2.] Dr. Heady urges the Court to quash the deposition notice as posing a near critical or critical risk to Dr. Bomba's health. Dr. Heady informs the Court Dr. Bomba has been recommended for hospice care and that even limitations intended to mitigate the effects of a deposition would not sufficiently curb serious risks. [Filing No. 121-2 at 4 ("Subjecting him to a court proceeding or deposition, even with accommodations intended to ease the experience, would, in reasonable likelihood, cause serious medical harm and may contribute to or hasten his death.").] Dr. Heady also says Dr. Bomba is unable to tell a truth from a non-truth. [Filing No. 121-2 at 3.]

Plaintiffs oppose these efforts to stop Dr. Bomba's deposition. [Filing No. 124.] Plaintiffs correctly point out that the motion to quash/reconsider/for protective order/for expedited ruling is a compound motion prohibited by L.R. 7-1(a). The Court agrees with Plaintiffs but will decide the issue—whether Dr. Bomba's deposition will proceed—on the merits. Plaintiffs also argue that

because the Court has found Dr. Bomba improperly invoked the Fifth Amendment on 19 occasions, an order from this Court prohibiting Dr. Bomba's deposition ensures truthful testimony will be lost forever. And Plaintiffs argue any order preventing a second deposition would reward Dr. Bomba for improperly dodging questions at the first deposition.

The Court sympathizes with Plaintiffs' many frustrations. But Dr. Heady has made serious statements under oath about the critical risk of a deposition to Dr. Bomba's health as he begins end of life care. Moreover, as a non-party (albeit, the individual whose alleged conduct is at the heart of the lawsuit),[1] Dr. Bomba Rule 45(3)(A)(iv) burdensome argument is particularly strong. Having examined Dr. Heady's affidavit, the Court cannot allow the deposition to proceed. The Court also cannot hope that assigning further limitations to the deposition would be effective. And even if it were to be conducted without critical risk to Dr. Bomba's depleted health and mental state, it seems extremely unlikely Plaintiffs would receive helpful or lucid responses to their questions.

Plaintiffs are not left without recourse. Dr. Bomba took the Fifth Amendment in response to questions at his civil deposition—sometimes properly, sometimes improperly. Invoking the Fifth Amendment in a civil case is not without consequence. *Hillmann v. City of Chicago*, 834 F.3d 787, 793 (7th Cir. 2016) (noting that in "in a civil case, the jury is permitted to hear evidence of a witness's invocation of the privilege and may draw an adverse inference from it."). "Several circuit courts have held that in certain circumstances a nonparty witness's invocation of her right not to testify is admissible and an adverse inference against a party may be drawn from the nonparty's witness's refusal to testify." *Kontos v. Kontos*, 968 F.Supp 400, 402 (S.D. Ind. 1997).

---

[1] In this instance, the interested party is still considered a non-party under the Federal Rules.

Dr. Bomba's Motion, [Filing No. 120], is GRANTED. The deposition currently scheduled for April 3, 2025, at 11:00am is QUASHED and Plaintiffs are precluded from deposing Dr. Bomba, Sr. without further order of this Court.

Date: 4/1/2025

_____
Mario Garcia
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF to all counsel of record.**