UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| HARIS MUJEZINOVIC individually and on behalf of all others similarly situated, CHARLIE MILLER individually and on behalf of all others similarly situated, JOHN FLOWERS, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 1:24-cv-01827-RLY-MG |
| TRUSTEES OF INDIANA UNIVERSITY, TIM GARL, | ) ) ) | |
| Defendants. | ) ) | |
| JOSEPH T. BOMBA, | ) ) ) | |
| Interested Party. | ) ) | |

**ORDER GRANTING SECOND MOTION TO AMEND**

Pending before the Court is Plaintiffs' Motion for Leave to File Second Amended Class Action Complaint, [Filing No. 106]. Plaintiffs seek leave to amend their complaint under F.R.C.P. 15(a)(2) and L.R. 15-1. Plaintiffs propose amendments to: (1) add Larry Richardson as a named Plaintiff; (2) add a state tort claims after complying with Notice of Tort Claim pursuant to Indiana Code § 34-13-3-8; (3) "add specific allegations of a men's basketball player reporting in 1979 to Coach Bob Knight, then-athletic trainer Bob Young and IU President's Office employee George Taliaferro that Dr. Bomba, Sr. had penetrated his anus at Assembly Hall"; and (4) make other amendments to the First Amended Complaint, which amendments include two new tort claims against Mr. Garl (Count IV—intentional infliction of emotional distress and Count V—willful or wanton misconduct).

1

Plaintiffs previously amended their complaint on January 14, 2025, as a matter of right under F.R.C.P. 15(a)(1)(B). Plaintiffs now seek to amend under F.R.C.P. 15(a)(2), by leave of Court, which should be given freely as justice requires. Defendants have respectively briefed motions to dismiss, raising futility and statute of limitations defenses (among other defenses). [Filing No. 92, Filing No. 94.] Both Defendants object to Plaintiffs' amendments as futile and time-barred but deferred further briefing these issues in the interest of judicial economy. [Filing No. 108, Filing No. 112.] If leave is granted, Defendants plan to combat Plaintiffs' new claims and allegations on similar grounds as the arguments already raised in their motions to dismiss. Defendant Tim Garl argues Plaintiffs' "information and belief" amendments are inappropriately vague and that many of the amendments are designed to avoid the fatal flaws of the First Amended Complaint as identified in Defendants' respective motions to dismiss. [Filing No. 112 at 3-4.] Elsewhere, Defendant IU argues the state tort claims fall far outside of the two-year limitations period and the Tort Claims Act notice limitation period. [Filing No. 125.]

The Court grants Plaintiffs' motion to amend. First, the motion was filed within the timeframe established to amend the pleadings, [Filing No. 104]. And the liberal nature of F.R.C.P. 15(a)(2) falls in favor of amendment—even here, where Plaintiffs reckon with Defendants' statute of limitation defenses. Second, the parties acknowledge judicial economy counsels them to address the tandem issues and defenses together. This consideration also applies to the Court. Judicial economy is best served by addressing the overlapping issues and defenses at once—and particularly in analyzing the parties' statute of limitation arguments—on Defendants (renewed) motions to dismiss. ("In the fact of uncertainty and variation among lower courts as to just how demanding pleading standards have become, applying the liberal standard for amending pleadings, especially in the early stages of a lawsuit, is the best way to ensure that cases will be decided justly

and on their merits." *Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015)). And while at least one defendant disputes the reasonableness of Plaintiffs' notice timing under the Indiana Tort Claims Act, [Filing No. 108 at 2], the Court finds Plaintiffs have substantially satisfied the exhaustion requirement. They are granted leave to plead their state law tort claims along with their other proposed amendments.

Plaintiffs' Motion for Leave to File Second Amended Class Action Complaint, [106], is **GRANTED**. Defendants' Motions to Dismiss, [Filing Nos. 92, 94], are **DENIED WITHOUT PREJUDICE.** Plaintiffs shall file their proposed second amended complaint, [Filing No. 106-1], no later than **April 7, 2025.** Defendants shall respond within the time prescribed by Rule 15(a)(3).

Date: 4/3/2025

Mario Garcia
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF to counsel of record.**