UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HARIS MUJEZINOVIC individually and on behalf of all others similarly situated, CHARLIE MILLER individually and on behalf of all others similarly situated, JOHN FLOWERS, LARRY RICHARDSON, JR.,<br><br>          Plaintiffs,<br><br>          v.<br><br>TRUSTEES OF INDIANA UNIVERSITY, TIM GARL,<br><br>          Defendants.<br><br>JOSEPH T. BOMBA,<br><br>          Interested Party. | No. 1:24-cv-01827-RLY-MG |

## ORDER DENYING PARTIAL MOTION TO STAY DISCOVERY

Pending before the Court is Defendant Trustees of Indiana University's Partial Motion to Stay Discovery. [Filing No. 109.] Individual Defendant Mr. Garl joins in the Motion. [Filing No. 114.] Plaintiffs oppose any stay of discovery, [Filing No. 115], and filed two Motions for Leave to File Surreply. [Filing No. 128; Filing No. 150.]

As a preliminary matter, the Court DENIES Plaintiffs' first request for surreply, [Filing No. 128], and therefore did not consider the additional argument in Filing No. 128 in reaching its decision. The Court has no reason to think Mr. Garl would not comply with any obligations to this Court regardless of where his professional transition takes him. Mr. Garl is represented by capable counsel and the Court trusts all counsel will facilitate discovery effectively. His departure from his role with the university does not merit a surreply.

1

As for the second motion for surreply, the Court **GRANTS** Plaintiffs' motion, [Filing No. 150], to the extent that it takes judicial notice that the Jones Day investigation has been completed and publicly released. The undersigned heard the parties' positions on the Jones Day investigation both at the March 3, 2025, initial pretrial conference and the formal briefing on IU's motion, which contained extensive argument about the investigation. New facts about the investigation's methodology may have come to light, but the parties' arguments about the investigation remain largely unchanged. [Filing No. 150; Filing No. 151.]

Plaintiffs argue the revelation of the sheer scale of the Jones Day investigation—and Jones Day's complete access to information relevant to Plaintiffs' claims—supports their position that IU shouldn't be allowed to sideline Plaintiffs' investigation while completing and publishing their own. IU argues the sheer scale and cost of the Jones Day investigation shows just how burdensome it would be for IU's litigation team to undertake separate discovery, especially when Plaintiffs' amended complaint is likely to be dismissed in its entirety. Ultimately, the Court rests its decision on the parties' original briefing on the motion to stay, which sufficiently accounts for the Jones Day investigation.

## I.
### BACKGROUND

Plaintiff's second amended class action complaint was filed on April 7, 2025. [Filing No. 132.] The original complaint was filed on October 15, 2024, and Plaintiffs served discovery on IU on December 30, 2024. [Filing No. 115 at 6.] This discovery roughly consists of (a) 38 Requests for Production of Documents, (b) 20 Interrogatories, and (c) 19 Requests for Admission (plus an alternative interrogatory and alternative request for production). [Filing Nos. 110-1; 110-2; 110-3.] Plaintiffs have also served discovery on Mr. Garl. [Filing No. 144.]

Both Defendants have filed motions to dismiss Plaintiffs' second amended complaint. [Filing No. 140; Filing No. 142.] Both Defendants combat Plaintiffs' claims on substantive and procedural grounds and argue Plaintiffs' claims are time-barred in their entirety. Mr. Garl also defends on qualified immunity grounds. [Filing No. 141 at 23.] IU seeks a total stay of discovery until the Court's order on the pending motions to dismiss.[1]

IU argues this is exactly the sort of case in which the Court should deploy a stay of discovery—both motions to dismiss present threshold issues, the resolution of which will either end Plaintiffs' case or greatly reduce it. IU argues that given the alleged events happened over twenty-five years ago, the Defendants' threshold arguments are likely to win at the 12(b)(6) stage. [Filing No. 111.] IU underscores the estimated cost and effort responding to Plaintiffs' extensive discovery requests would require. And IU argues Plaintiffs do not need discovery for the 12(b)(6) briefing (and indeed, Plaintiffs' briefing is complete).

Plaintiffs argue the Court's analysis of Defendants' statue of limitations defenses should and likely will be reserved for summary judgment, when the factual record is complete. [Filing No. 115 at 11.] Plaintiffs argue they only recently discovered Dr. Bomba's actions were sexual abuse and that a stay of discovery would delay class certification and the timely resolution of Plaintiffs' claims after they survive the motions to dismiss. [Filing No. 115 at 11.]

In reply, IU releases a volley of arguments.[2] [Filing No. 125.] Among its many positions, IU reiterates the stay is appropriate given the threshold statute of limitation issues and argues that the

---

[1] IU formally requested a partial stay, because its motion was filed before the Court quashed Dr. Bomba's second deposition. The requested carve out for this partial discovery no longer applies.

[2] The Court has reviewed Plaintiffs' discovery requests to IU and shares some of IU's concerns, including concerns about requests seeking medical care records for all IU men's basketball team members who were seen by Dr. Bomba, Sr.

independent investigation by Jones Day does not meaningfully reduce the burden on IU to respond to discovery, because the litigation discovery will be conducted by a separate law firm who is walled off from the Jones Day investigation. IU reiterates the testimony it presented about the cost of responding to Plaintiffs' discovery, which it estimates at "well over one hundred" hours and over $100,000.00. [Filing No. 110-5.]

## II.
### DISCUSSION

District courts have "extremely broad discretion in controlling discovery." *Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). District courts have an important and inherent authority and obligation to control their calendars and ensure that litigation proceeds expeditiously. *See James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005).

A party has no right to a stay, and the party seeking a stay of discovery "bears the burden of proof to show that the Court should exercise its discretion in staying the case." *United States ex rel. Robinson v. Indiana Univ. Health, Inc.*, 2015 WL 3961221, at *1 (S.D. Ind. June 30, 2015). "Filing a motion to dismiss does not automatically stay discovery." *Red Barn Motors, Inc. v. Cox Enters., Inc.*, 2016 WL 1731328, at *2 (S.D. Ind. May 2, 2016). As a general matter, "a stay of discovery is warranted only when a party raises a potentially dispositive threshold issue such [as] standing, jurisdiction, or qualified immunity." *Id.* at *3. And, "courts disfavor stays of discovery because they bring resolution of the dispute to a standstill." *Am. Senior Communities, LLC v. Burkhart*, 2019 WL 415614, at *2-3 (S.D. Ind. Feb. 1, 2019).

4

The Seventh Circuit has consistently emphasized that the district court has wide latitude to control the speed and scope of discovery. Discovery decisions are reviewed for abuse of discretion. Here, Defendants believe Plaintiffs' claims will be dismissed at the onset, or at least reduced such that it will transform the scope of relevant discovery. They argue the parties and this Court—who will oversee inevitable discovery disputes while managing one of the busiest dockets in the nation—should preserve resources until it is certain what claims survive the pleading stage. [*See generally,* Filing No. 109; Filing No. 125.]

But the Court's considerations in steering discovery are not always chiefly guided by burden, including burden to itself. The nature of Plaintiffs' claims, the comprehensive private fact investigation which has been completed and now released to the public, and the substantive complexity of the motions to dismiss weigh against a stay. Neither of Defendants' respective briefs are limited to a straightforward threshold issue. The district court has endeavored to resolve the motions as soon as practicable. Even so, given the Court's extensive docket and the scope of the briefing, there is no way to predict when that will be. On balance, it is not in the interest of justice to indefinitely delay Plaintiffs from fact finding.

### III.
### Conclusion

The discovery process will be intensive. And after the Court's decisions on the motions to dismiss, at least some of it may not be relevant. But these burdens are not undue, and the long road of discovery must begin. Defendants' Motion to Stay Discovery, [Filing No. 109], is **DENIED**. Defendants must provide responses to Plaintiffs' respective pending discovery requests within **45 days** of this Order.

Date: 5/22/2025

_____
Mario Garcia
United States Magistrate Judge
Southern District of Indiana

Distribution via ECF to counsel of record.